CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 3 2007

JOHN F. CORCORAN, CLERK
BY:
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RACHAEL DENISE REED, | Civil Action No.: 7:07CV00284 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | By: Samuel G. Wilson |
| Respondent. | United States District Judge |

This is a motion pursuant to 28 U.S.C. § 2255 by Rachel Reed claiming that her counsel rendered ineffective assistance in her probation revocation proceedings and on appeal and complaining that the court imposed a sentence in violation of the Eighth Amendment. The court finds Reed's ineffective assistance claims to be frivolous and her Eighth Amendment claims procedurally defaulted. Accordingly, the court denies her motion.

I.

Reed pled guilty to knowingly converting and aiding and abetting the conversion of government money in violation of 18 U.S.C. §§ 641 and 642. The court placed her on probation for 24 months and ordered her to pay approximately $23,800 in restitution. Her probation officer petitioned the court to revoke her probation for violating the mandatory condition that she "not commit another federal, state or local crime." According to the petition, "Reed participated in a criminal scheme to defraud Alliance Housing Assistance Program of $8,500."

At the revocation hearing, the court heard testimony that Reed had participated in a scheme to defraud the victim. Reed's counsel called a participant in the scheme, James Bush, Jr., who testified on direct that Reed was an unwitting participant but Bush declined to answer questions on cross-examination on Fifth Amendment grounds. The court rejected Bush's

questions on cross-examination on Fifth Amendment grounds. The court rejected Bush's testimony because he refused to submit to cross-examination and found by a preponderance of the evidence that Reed had used false and fictitious documents to obtain money from the victim.[1] Consequently, the court revoked her probation, and sentenced her to 24 months incarceration.

Reed appealed raising two arguments. First, she claimed that the court abused its discretion in rejecting Bush's testimony and second, she claimed that the evidence was insufficient for the court to find that she had violated a condition of her probation. The Court of Appeals concluded that there was sufficient evidence to support this Court's conclusion that Reed violated her probation through involvement in the conspiracy and that this court did not abuse its discretion in rejecting Bush's testimony.

Reed, in turn, filed her current § 2255 motion raising Sixth Amendment ineffective assistance claims and an Eighth Amendment cruel and unusual punishment claim. According to her Sixth Amendment claim, counsel "acted as a mere spectator at sentencing" and failed to file a "proper brief" on appeal "leading to withdrawal of [her] appeal." Reed memo. at p. 1. Her self-styled Eighth Amendment claims are somewhat difficult to discern. She appears to contend that her sentence was both unfair because she "had no involvement in any criminal act" and disproportionate.[2]

---

[1] The court also found that she had falsely denied her identity to a federal agent when that agent sought to question her.

[2] She also seems to claim that the court violated the Eighth Amendment because: (a) the court did not consider modifying the conditions of her probation but rather only considered imprisonment; (b) it revoked her for something not stated in the probation violation report; and (c) it revoked her despite there being "a signed confession from the perpetrator" exonerating her.

2

## II.

Reed's Sixth Amendment claims are frivolous. Her counsel was no "mere spectator" at Reed's revocation hearing as Reed claims. Her counsel appropriately cross-examined the government's witnesses, called a witness who sought to exonerate Reed, and argued vigorously on her behalf. Moreover, Reed's assertion that her counsel's "inability to file a proper brief led to withdrawal of petitioner's appeal," (Reed's §2255 motion at p. 6) is simply a fabrication. Accordingly, the court rejects Reed's ineffective assistance claims.

## III.

The government contends that Reed's Eighth Amendment claims are simply the claims she raised on direct appeal recast. At least in part, that appears to be true because she appears to base them on this court's rejection of Bush's testimony and Reed's assertion of innocence, the linchpin of her direct appeal. The claims also appear, in part, to be claims that she could have but failed to raise on direct appeal. In any event, she cannot raise her self-styled "Eighth Amendment" claims here because she cannot raise claims for collateral relief that she raised on appeal, Boeckenhaupt v. United States, 537 F.2d 1118, 1183 (4th Cir. 1976), and she cannot raise procedurally defaulted claims, i.e. claims that she could have raised but failed to raise on direct appeal, unless she makes a showing of cause and prejudice. See United States v. Frady, 456 US 152, 165 (1982). She has not made that showing here. Accordingly, the Court will dismiss her "Eighth Amendment" claims.

## IV.

For the reasons stated the court denies Reed's § 2255 motion.

**ENTER**: This December 3rd, 2007.

UNITED STATES DISTRICT JUDGE